*Nov. Term, 1848.*

THE STATE
v.
YOUMANS.

---

THE STATE, on the Relation of CHEW, Administrator of HAWORTH, deceased, v. YOUMANS and Others.

Debt on sheriff's bond. Breach, that the relator sued out a writ of replevin against *A.*, for a wagon, which writ came to the hands of the sheriff and was falsely returned that the wagon was not found in his county. There was an averment that the wagon was in the county, &c., and belonged to the relator. Pleas, that the property was not in the county; that the sheriff did not make a false return; and that he used due diligence to serve the writ, &c. *Held,* that the pleas did not deny the averment that the relator owned the wagon, but thereby admitted that the replevin-suit was well founded; and that the relator had only to prove that the return was false.

ERROR to the *Parke* Circuit Court.

*Tuesday, December 5.*

BLACKFORD, J.—This was an action of debt brought by the state on the relation of *Chew*, administrator of *Haworth*, against *Youmans* and others. The suit is founded on a sheriff's bond, *Youmans* being the principal obligor.

The declaration contains two counts, the first of which (it not being necessary to notice the other) sets out the breach as follows: That, on, &c., the relator sued out a writ of replevin against one *Gleason*, for a wagon, which writ, on, &c., came to the hands of the sheriff to be executed; that the sheriff did not serve the writ, but falsely returned thereon that the wagon was not found in his county. Averment, that the wagon was, on, &c., and for a month afterwards, in the county and in *Gleason's* pos-

session; and that the sheriff, well knowing the premises, failed and refused to serve the writ, and made on it the false return aforesaid. There is also an averment that the wagon belonged to the relator, and that he was entitled to its possession.

There were five pleas, the second and fourth of which were adjudged bad on demurrer.

First plea, that the wagon was not, on, &c., and for a month afterwards, in the county as alleged. Conclusion to the country and issue.

Third plea, that the sheriff did not make a false return as alleged. Conclusion to the country and issue.

Fifth plea, that the sheriff used due diligence to serve the writ, and truly returned the same. Verification.

Replication in denial of the fifth plea and issue.

Verdict and judgment for the defendants.

The Court instructed the jury, " that if *Haworth*, in his lifetime, or *Chew* as administrator, could not have maintained replevin for the wagon in the mortgage mentioned, they must find for the defendants, although the sheriff may have made a false return on said writ."

The mortgage mentioned in this instruction is a mortgage for the wagon executed by *Gleason* to *Haworth*.

The only question in this cause is, can the action be sustained without proof that the replevin-suit was well founded?

To decide this question, we must look at the issues.

The pleas only allege that the wagon was not in the county during a certain period, and that it could not be found. They do not deny, and therefore impliedly admit, that there was good ground for the replevin-suit.

The defendants rely on authorities to show, that, in a suit against a sheriff for an escape on *mesne* process, the plaintiff must prove the existence of a cause of action against the original defendant. In all those cases, however, the general issue was filed, which put in issue, *inter alia*, the existence of the original cause of action.

The averment in the declaration now before us, that the wagon belonged to the relator, and that he had a

right to its possession, was only matter of inducement to the wrongful act complained of, and was not put in issue. Had this averment been denied, the plaintiff would, no doubt, have been bound to prove it.

Take the case of an action against a sheriff for a false return of *non est inventus* to a *capias ad respondendum* issued against *A. B.* If the general issue were pleaded, the plaintiff would have two things to prove; first, his cause of action against *A. B.*; secondly, that the return was false. But if the sheriff, instead of pleading the general issue, should only plead that *A. B.* could not be found, the plaintiff's cause of action against *A. B.* would be admitted, and he would only have to prove that *A. B.* could have been found.

In *Brown* v. *Jarvis*, 1 Mees. & Welsb. 704, which was a suit against a sheriff for negligence in not serving *mesne* process, the declaration alleged that one *Batten* was indebted to the plaintiff, and that, for the recovery of the debt, the plaintiff had sued out a *capias*, &c. It was also alleged, that the sheriff had failed to serve the writ, &c. The sheriff pleaded two pleas; first, that the said *Batten* was not indebted to the plaintiff *modo et forma;* second, that the sheriff did use all the diligence in his power to take *Batten*. This last allegation was traversed by the replication. The cause was tried and the plaintiff recovered. In that case, the sheriff, wishing to put the plaintiff upon proof of the cause of action against *Batten*, took care to deny it by a special plea.

In the present case, the declaration contains two distinct averments; one is, that the relator owned the wagon and was entitled to its possession—in other words, that the replevin-suit was well founded. That averment, not being denied, was admitted. The other is, that the return was false; which was denied. So that the only question before the jury was, whether or not the return was false. The opinion of the Circuit Court, therefore, that the plaintiff was bound to prove, not only that the return was false, but also that the replevin-suit was well founded, is

erroneous. He had only to prove that the return was false, the other averment being admitted by the pleas.

*Per Curiam.*—The judgment is reversed, and the verdict set aside. Cause remanded, with leave to the defendant to amend his pleas.

*W. P. Bryant, A. L. Roache, J. A. Wright,* and *S. F. Maxwell,* for the plaintiff.

*R. W. Thompson,* for the defendants.